FILED
United States Court of Appeals
Tenth Circuit

May 22, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUBEN PACHECO-SOTO,

Defendant - Appellant.

No. 08-2199

(D. NM)

(D.C. No. 2:08-CR-00746-MCA-1)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, this case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ruben Pacheco-Soto pled guilty in the United States District Court for the District of New Mexico to one count of reentry of a removed alien.[1]  *See* 8 U.S.C. §§ 1326(a)(1) & (2), (b)(2).  The district court sentenced him to 60 months imprisonment, which was below the advisory guideline range of 77 to 96 months. Finding no meritorious issues for appeal, his appointed counsel submitted an *Anders* brief and a motion for leave to withdraw.  *See Anders v. California*, 386 U.S. 738 (1967).  Because we agree with counsel that there are no meritorious issues for appeal, we grant the motion to withdraw and dismiss the appeal.

A careful review of the record reveals Pacheco-Soto was given notice of his right to respond to counsel's *Anders* brief on two occasions.  He did not do so. Nonetheless, we review the voluntariness of a plea de novo.  *United States v. Asch*, 207 F.3d 1238, 1242 (10th Cir. 2000).  An English language deficiency is not at issue because Pacheco-Soto was supplied an official interpreter at the plea hearing.  During a thorough colloquy, he explicitly stated he understood the nature of the charges against him and the consequences of his guilty plea, which the court found was knowing and voluntary.  Prior to the sentencing hearing, an official interpreter read the entire presentence report to Pacheco-Soto.  He raised no objection to the presentence report which properly calculated his advisory

---

[1]  Pacheco-Soto did not enter into a plea agreement and, therefore, did not waive his right to appeal his sentence.

guideline range.  Ultimately, Pacheco-Soto was sentenced to a term of imprisonment 17 months below the guideline range.

We conclude that Pacheco-Soto's guilty plea was knowing and voluntary and his sentence was reasonable.  We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT


Terrence O'Brien
Circuit Judge